NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JILL SKULNIK, | : |
| Appellant, | : |
| v. | Civil Action No. 05-5783 (JAG) |
| MARTIN SKULNIK, et al., | OPINION |
| Appellees. | : |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on appellant's, Jill Skulnik ("Appellant"), motion[1] (Docket Entry No. 10) seeking reconsideration of this Court's September 29, 2006 order. That order affirmed in part the bankruptcy court's decision and remanded the remainder of the case to the bankruptcy court for further findings of fact. Specifically, this Court remanded the case so that the bankruptcy court could determine (1) whether Martin Skulnik contributed any real property to the value of the bankruptcy estate, and thus is a non-debtor entity covered by the channeling injunction, and (2) whether the channeling injunction applied to Martin Skulnik's personal obligation (i.e., the two $500,000 promissory notes) to Howard Skulnik.

## STANDARD FOR RECONSIDERATION

Appellant does not specify whether she brings this motion under FED. R. CIV. P. 59(e) or

---

[1] This motion was filed on December 18, 2006.

FED. R. CIV. P. 60(b).[2]  Instead, she cites to L. CIV. R. 7.1(i), which parallels, in terms of timeliness, FED. R. CIV. P. 59(e).  A motion for reconsideration under FED R. CIV. P. 59(e) "shall be filed no later than 10 days after entry of the judgment."  Here, judgment was entered on September 29, 2006.  Appellant's motion was filed on December 18, 2006 (Docket Entry No. 10), well past the ten-day time limit.  However, the motion was filed within ten days of the filing of the opinion.  Appellant acknowledges that the ten-day time limit applies to the date of the order, not the opinion, but argues that the time limit should be relaxed pursuant to L. CIV. R. 83.2(b).[3]

While courts do have the authority to prescribe local rules, these local rules must defer to the Federal Rules of Civil Procedure when a conflict exists.  See 28 U.S.C. § 2071(a).  Therefore, L. CIV. R. 83.2(b) cannot modify or relax the time limit for any matters governed by FED. R. CIV. P. 59(e).  Rather, the Federal Rules of Civil Procedure must authorize a relaxation of this time period.  FED. R. CIV. P. 6(b) governs enlargement of time periods under the Federal Rules of Civil Procedure; and FED. R. CIV. P. 6(b) explicitly disallows any enlargement of the time period

---

[2] While a motion for reconsideration may be filed pursuant to FED R.CIV. P. 60(b) within one year from entry of judgment — thus making Appellant's motion timely — this rule provides that "the court may relieve a party . . . from a *final judgment*, order or proceeding."  FED. R. CIV. P. 60(b) (emphasis added).  According to the Supreme Court of the United States, "[a] final judgment is one that ends the litigation on the merits and leaves nothing to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945).  Here, this Court's order, remanding Appellant's appeal to the bankruptcy court for further findings of fact, is not a final judgment because it does not end the litigation.  Therefore, FED. R. CIV. P. 60(B) is inappropriate for considering Appellant's motion in the instant case.

[3] L. CIV. R. 83.2(b) provides that "[u]nless otherwise stated, any rule may be relaxed or dispensed with by the Court if adherence would result in surprise or injustice."

under certain rules, including FED. R. CIV. P. 59(e), unless otherwise stated in the rule itself.[4]  No language found in FED. R. CIV. P. 59(e) provides for a relaxation of the ten-day period.  See Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858, 860 (3d Cir. 1970) (explaining that the court does not have discretion to relax the ten-day time limitation under FED. R. CIV. P. 59(e); "FED. R. CIV. P. 6(b) render[s] a court without power to extend the time for service of motions under . . . rule 59(e).").  As a result, Appellant's motion is untimely and shall be denied.  Even ignoring the untimeliness of Appellant's motion, the substance of the motion still proves fruitless for the reasons discussed below.

A motion to reconsider, filed pursuant to FED. R. CIV. P. 59(e) and L. CIV. R. 7.1(i), is "an extremely limited procedural vehicle," and requests pursuant to these rules are to be granted "sparingly."  P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 349, 353 (D.N.J. 1992) (citing Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986)).  The Third Circuit has held that the purpose of a motion to reconsider is to "correct manifest errors of law or fact or to present newly discovered evidence."  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986).

A court may grant a motion to reconsider only if the moving party shows either: (1) an intervening change in the controlling law; (2) the existence of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  See North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).  To satisfy its burden, the moving party must show "dispositive

---

[4] FED. R. CIV. P. 6(b) provides that "[a court] may not extend the time for taking any action under . . . [rule] 59(e) . . . except to the extent and under the conditions stated in [it]."

factual matters or controlling decisions of law" that were brought to the court=s attention but not considered. P. Schoenfeld Asset Mgmt. LLC, 161 F. Supp. at 353; see also Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgage Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)). Parties may also present newly discovered facts or evidence "that might lead to a different result if considered by the Court." G-69, 748 F. Supp. at 275.

## DISCUSSION

Appellant's only assertion to support her motion for reconsideration is that this Court overlooked facts in the record, which eliminate the need to remand for further findings of fact. First, Appellant points to the joint application of the official unsecured creditors' committee and the debtor in support of the joint motion for an order, pursuant to FED. R. BANKR. P. 9019(a), approving the settlement agreement among the committee, debtor, and non-debtors Howmar Development Corp., United Metal Warehousing, Inc., Martin A. Skulnik, LLC, United Material Handling, Inc., Martin A. Skulnik and Nancy J. Skulnik ("Joint Application").

Appellant contends that the Joint Application elucidates one of this Court's issues for remand, whether Martin Skulnik contributed any real property to the value of the bankruptcy estate and thus is a non-debtor entity covered by the channeling injunction. Appellant further posits that this Court failed to consider the Joint Application in its order, thus giving merit to her claim for reconsideration. Second, Appellant points to Martin Skulnik's certification and exhibits, which she claims were part of the record on appeal, to support her position that remand

4

is unnecessary for determining the issue of whether the channeling injunction applies to Martin Skulnik's personal obligation to Howard Skulnik. She reasons that these documents demonstrate Martin Skulnik's sole obligation regarding the two $500,000 promissory notes. Appellant does not point to any findings of fact made by the bankruptcy court regarding Martin Skulnik's status as a non-debtor entity or the applicability of the channeling injunction to the promissory notes.

Appellant's assertion is fatally flawed. While it may be true that there are documents in the record that speak to the issue of whether Martin Skulnik contributed any real property to the value of the bankruptcy estate, and whether the channeling injunction applies to Martin Skulnik's personal obligation to Howard Skulnik, this Court cannot make any findings of fact based on those documents. Failure to consider evidence in the record may be a basis for reconsideration when this Court is sitting as the finder of fact, but that is not the case when this Court reviews a decision of a bankruptcy court. When serving as a court of appellate review in a bankruptcy case, this Court cannot find facts; it can only use the evidence in the record to establish whether the bankruptcy court had sufficient support for its findings of fact, and therefore did not clearly err. The Tenth Circuit explained that:

> the district court [acting as an appellate court] may not make its independent factual findings. If the bankruptcy court's factual findings are silent or ambiguous as to an outcome determinative factual question, the district court may not engage in its own fact-finding but, instead, must remand the case to the bankruptcy court for the necessary factual determination.

Taylor v. I.R.S., 69 F.3d 411, 417 (10th Cir. 1995) (citing Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987)). The Tenth Circuit went on to assert that the district court serves the function of an appellate court and that the bankruptcy court is the finder of fact. Id. (citing Hardin v. Caldwell, 851 F.2d 852, 857 (6th Cir. 1988)). Therefore, the district court in Taylor

erred by determining an issue on which the bankruptcy court had not made findings of fact. Id. at 418.

Furthermore, the Third Circuit explained that the district court, in reviewing a bankruptcy court's decision, should "'review the Bankruptcy Court's legal determinations de novo, *its factual findings for clear error*, and its exercises of discretion for abuse thereof.'" In Re: Continental Airlines, 203 F.3d 203, 208 (2000) (quoting Manus Corp. v. NRG Energy, Inc., 188 F.3d 116, 122 (3d Cir. 1999) (emphasis added)). In order to review the bankruptcy court's factual findings for clear error, that court must have made findings of fact for the district court to review. Indeed, in Continental Airlines, the Third Circuit reversed the district court's decision because the district court upheld a provision of a reorganization plan despite the fact that the bankruptcy court had not made specific findings on the issue. Id. at 205.

Accordingly, this Court may not make its own findings of fact regardless of the information contained in the record. Any issues that require factual findings must be remanded to the bankruptcy court. The evidence must be examined and the findings made by that court in the first instance. Therefore, Appellant's argument, were it timely, that remand is unnecessary because the record contains evidence necessary to make factual findings on the issues in question, would be denied.

## **CONCLUSION**

For the foregoing reasons, Appellant's motion for reconsideration shall be denied as untimely.  Assuming, <u>arguendo</u>, that Appellant's motion had been timely filed, this Court still would have denied it on the merits.


Date: March 28, 2007


                                            S/Joseph A. Greenaway, Jr.
                                            JOSEPH A. GREENAWAY, JR., U.S.D.J.